**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION**

ALYCIA HIGHTOWER,

        Plaintiff,

v.

ITG BRANDS, LLC,

        Defendant.

Case No.: 4:26-cv-00069

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that ITG Brands, LLC ("Defendant"), by and through its attorneys, Gordon Rees Scully Mansukhani LLP, hereby removes the lawsuit styled *Alycia Hightower v. ITG Brands, LLC* from the Circuit Court of Jackson County, Missouri, to this Court based on diversity of citizenship pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, and, in support of this removal, respectfully states as follows:

## PROCEDURAL BACKGROUND

1.      On December 18, 2025, Plaintiff Alycia Hightower filed the above-captioned lawsuit *Alycia Hightower v. ITG Brands, LLC* in the Circuit Court of Jackson County, Missouri, styled as Case No. 2516-CV41531 (hereinafter referred to as the "State Court Action").

2.      In the State Court Action, Plaintiff alleges (1) sex discrimination, (2) race discrimination and harassment, and (3) retaliation in violation of the Missouri Human Rights Act ("MHRA"). *See generally* Plaintiff's Petition.

3.      Plaintiff served Defendant with the Summons and Petition for Damages ("Petition") in the State Court Action on December 29, 2025.

1

4. Defendant's deadline to file this Notice of Removal is therefore January 28, 2026. This Notice of Removal is timely filed within thirty (30) days of the date of service as required by 28 U.S.C. § 1446(b).

5. A true and correct copy of all process, pleadings, and orders served upon Defendant in the State Court Action are attached hereto as **Exhibit A**.

6. Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly give written notice of this Notice of Removal to Plaintiff and will file a copy of this Notice of Removal with the Circuit Court of Jackson County, Missouri.

7. This Notice of Removal is being filed the United States District Court for the Western District of Missouri, Western Division because it is the district court embracing the place in which the State Court Action is pending. 28 U.S.C. § 1441(a).

8. By removing this action, Defendant does not waive any defenses available to it, at law, in equity or otherwise, and does not admit any of the allegations in Plaintiff's Petition.

## BASIS FOR REMOVAL

9. This Court has original jurisdiction over the State Court Action pursuant to 28 U.S.C. § 1332.

10. Plaintiff is a citizen of the State of Missouri. *See* Petition, ¶ 4.

11. Defendant is a limited liability company organized under the law of the State of Texas with its principal place of business in North Carolina. Therefore, Defendant is a citizen of the States of Texas and North Carolina.

12. Accordingly, the district courts of the United States have original jurisdiction over this action based on complete diversity of citizenship amongst and between the parties pursuant to

2

28 U.S.C. § 1332 because Plaintiff and Defendant are now and at the time the State Court Action commenced diverse in citizenship from each other.

13. Additionally, while Defendant denies any liability as to Plaintiff's claims, a fact finder "might legally conclude" that Plaintiff's "damages are greater than the requisite amount" of $75,000.00, as required by 28 U.S.C. § 1332(a). *Kopp v. Kopp*, 280 F.3d 883, 885 (8th Cir. 2002)

14. When the amount in controversy is not stated in a complaint, as is the case here, "the party asserting jurisdiction must support their allegation of the amount in controversy by a preponderance of the evidence." *Mensah v. Owners Ins. Co.*, 951 F.3d 941, 943 (8th Cir. 2020)

15. If a jury could reasonably "award damages totaling more than $75,000 in the circumstances that the case presents," the amount in controversy requirement is met. *Kopp*, 280 F.3d at 885.

16. A defendant can establish that the amount in controversy exceeds $75,000 by a preponderance of the evidence by providing "analogous case law or hypothetical itemization of damages." *Pleasant v. Noble Fin. Corp.*, 54 F. Supp. 3d 1071, 1080 (W.D. Mo. 2014).

17. For each of Plaintiff's three claims, she seeks compensatory and punitive damages, costs expended, reasonable attorneys' fees, and "other and further relief the Court deems just and proper." *See* Petition, pgs. 10-13. Additionally, for each of Plaintiff's three claims, she alleges that Defendant has caused her among other things, pain, anguish, anxiety, and distress. *See* Petition, ¶¶ 78, 90, 99.

18. "[P]unitive damages and statutory attorney fees may be considered in calculating the amount in controversy." *Pleasant*, 54 F. Supp. 3d at 1080.

19. The MHRA permits a court to award "reasonable attorney fees to the prevailing party." Mo.Rev.Stat. § 213.111(2). Case law reveals that Plaintiff's potential attorney fee award

3

alone meets the amount in controversy requirement. *See Wallace v. DTG Operations, Inc.*, 563 F.3d 357, 363 (8th Cir. 2009) (finding a $220,000 attorney fee award on a retaliation claim under the MHRA to be reasonable); *Denesha v. Farmers Ins. Exch.*, 161 F.3d 491, 501 (8th Cir. 1998) (finding an award of $149,906.97 in attorneys' fees based on $170 per hour in fees to be "consistent with rates in the Kansas City market" in 1998 and, therefore, a reasonable attorneys' fee award for discrimination claims under the MHRA and Age Discrimination in Employment Act); *Alhalabi v. Missouri Dep't of Corr.*, 662 S.W.3d 180, 197 (Mo. Ct. App. 2023) (finding an attorneys' fee award of $672,979.50 to be reasonable for claims arising under the MHRA).

20.     Here, not only has the Kansas City market rate increased since 1998, but Plaintiff has three claims against Defendant under the MHRA, including sex discrimination, race discrimination and harassment, and retaliation. Therefore, a jury could reasonably award Plaintiff in excess of $75,000 in attorneys' fees, thereby satisfying the amount in controversy requirement.

21.     Moreover, analogous case law establishes that a jury could reasonably award punitive damages in excess of $75,000 for Plaintiff's sexual harassment claim alone.[1] *See Wallace*, 563 F.3d at 359, 363 (finding a $120,000 punitive damage award appropriate in a case in which the plaintiff reported conduct by her supervisor that she found to be "offensive and characterized as sexually harassing" and, shortly after reporting the conduct, her employer terminated her employment).

22.     Given the allegations in the Petition and damages alleged by Plaintiff, a jury could reasonably award Plaintiff damages and attorneys' fees exceeding the jurisdictional threshold of $75,000 if Plaintiff prevails at trial (which Defendant vehemently denies).

---

[1] Defendant denies that Plaintiff is entitled to any punitive damages.

23.     Therefore, because diversity of citizenship exists and the amount in controversy alleged exceeds \$75,000, as required by 28 U.S.C. § 1332(a), this case falls within the original jurisdiction of this Court and is subject to removal based on diversity.

**WHEREFORE**, Defendant hereby removes the above-captioned action now pending in the Circuit Court of Jackson County, Missouri and requests that the United States District Court for the Western District of Missouri, Western Division assume and retain full jurisdiction over this action for all further proceedings.

/s/ Mallory M. Overman

Mallory M. Overman, MO#69221
GORDON REES SCULLY MANSUKHANI, LLP
2300 Main Street, Suite 900
Kansas City, MO 64108
Telephone:     (816) 303-0815
Facsimile:     (913) 945-1101
moverman@grsm.com

*Attorney for Defendant ITG Brands, LLC*

## CERTIFICATE OF SERVICE

I hereby certify that on January 28, 2026, the foregoing Notice of Removal was filed using the Court's electronic filing system which sent notice to all counsel of record has been served upon Plaintiff's counsel by first class mail, postage prepaid addressed to:

M. Shaun Stallworth
HOLMAN SCHIAVONE, LLC
4600 Madison Avenue, Suite 810
Kansas City, MO 64112

*Attorney for Plaintiff Alycia Hightower*

/s/ Mallory M. Overman

Mallory M. Overman

5